IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Orlando Ira Brown, | ) | C/A No. 3:13-2983-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Orlando Ira Brown ("Plaintiff"), a self-represented litigant, brings this action against the State alleging discrimination in violation of the Fourteenth Amendment and the Americans with Disabilities Act ("ADA"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.      Factual and Procedural History**

Plaintiff, who asserts that he has a mental disability, indicates that he called "911" as a victim on November 25, 2011. (ECF No. 1 at 3.) Plaintiff alleges that Investigator Flynn L. Tanner of the Richland County Sheriff's Department ("RCSD") informed Plaintiff that his statement would not be accepted unless he took a polygraph examination. (Id.) Plaintiff claims that he should not have been treated differently than victims who do not have a mental disability. (Id. at 4.) Plaintiff seeks monetary damages for the alleged discriminatory conduct. (Id. at 5.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint.  This court is required to liberally construe pro se complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).



Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

**B.     Analysis**

The instant Complaint is the third case filed by Plaintiff alleging that the RCSD violated Plaintiff's civil rights and the ADA by requiring him to take a polygraph test in order to file a victim's statement in November of 2011. While the court summarily dismissed Plaintiff's first civil action raising the instant claims, Plaintiff's second civil action asserting these issues resulted in an order granting RCSD's motion for summary judgment on September 13, 2013. See Brown v. Richland County Sheriffs Dep't, C/A No. 3:12-3062-MBS (D.S.C. Oct. 23, 2012) (removal action resulting in summary judgment for RCSD); Brown v. State of South Carolina, C/A No. 3:12-221-MBS (D.S.C. Jan. 24, 2012) (dismissed without prejudice for lack of subject matter jurisdiction). Thus, Plaintiff's claims against the State of South Carolina in this case are barred by the doctrine of *res judicata*.[1]

"'For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits.'" Martin v. Am. Bancorporation Ret. Plan, 407

---

[1] While *res judicata* is ordinarily an affirmative defense, a court may *sua sponte* apply the doctrine of *res judicata* where "it has previously decided the issue presented" to avoid unnecessary judicial waste. Georgia Pacific Consumer Products, LP v. Von Drehle Corp., 710 F.3d 527, 535 (4th Cir. 2013) (quoting Arizona v. California, 530 U.S. 392, 410–12 (2000)).



F.3d 643, 650 (4th Cir. 2005) (citation omitted). Further, *res judicata* not only "bar[s] claims that were raised and fully litigated," but also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989) (citation omitted).

In the instant action, the three elements of *res judicata* are present. First, the court entered a final judgment on the merits of Plaintiff's prior civil action against RCSD. See Shoup v. Bell & Howell Co., 872 F.2d 1178, 1181 (4th Cir. 1989) (noting that grants of summary judgment are considered "on the merits" for the purposes of *res judicata*). Second, the allegations contained in the instant Complaint are nearly identical to, and stem from, the same set of facts that gave rise to Plaintiff's claim for relief in the previous civil action against RCSD. Third, in South Carolina, a sheriff's department is considered a state agency. See Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (South Carolina sheriffs are state agents); see also Cone v. Nettles, 417 S.E.2d 523, 524–25 (S.C. 1992) (citing reasoning of Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988)). Thus, there is privity between the State of South Carolina and RCSD. See Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988) ("In the claim preclusion context, governmental officials sued in their official capacities for actions taken in the course of their duties are considered in privity with the governmental body."); Kutzik v. Young, 730 F.2d 149, 152 (4th Cir. 1984) ("a subordinate official, who is controlled by and authorized to represent a government agency, is in privity with the agency"); see also Martin, 407 F.3d at 651 ("To be in privity with a party to a former litigation, the non-party must be so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.") (internal quotation and

PJG

citation omitted).[2]  As Plaintiff's claims are barred by the doctrine of *res judicata*, the instant action is subject to summary dismissal as frivolous.  See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) ("[F]rivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid.").

### III.     Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 18, 2013
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Even if privity did not exist between the State and RCSD, this case would still be subject to summary dismissal under the doctrine of collateral estoppel.  Collateral estoppel, which bars the litigation of previously decided issues, applies where: "(1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum."  Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998) (citation omitted).  As indicated above, issues identical to those asserted in the instant Complaint have been previously litigated in a prior case and dismissed in a final judgment.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).