IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Orlando Ira Brown, | ) | C/A No. 3:13-2983-MBS |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On November 1, 2013, Orlando Ira Brown ("Plaintiff"), proceeding pro se, filed this action

against the State of South Carolina ("Defendant") alleging discrimination in violation of the

Fourteenth Amendment and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., the matter

was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.  On December

19, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended

that the court dismiss Plaintiff's complaint without prejudice and without issuance and service of

process.  ECF No. 10.  Plaintiff filed objections to this Report and Recommendation on December

27, 2013.  ECF No. 12.

## I. FACTUAL BACKGROUND

Plaintiff asserts that he has a mental disability.  ECF No. 1 at 3.  Plaintiff's discrimination

claims stem from an incident in which Plaintiff was allegedly a victim of a crime and reported the

crime to the Richland County Sheriff's Department ("RCSD").  *Id.*  According to the Incident Report

prepared by the RCSD, on November 23, 2011, Plaintiff visited the residence of a new acquaintance

on Prescott Road in Columbia, South Carolina.  ECF No. 1-3 at 2.  During this visit, Plaintiff alleges

that the residents held him against his will, physically assaulted him, and demanded money.  *Id.*  The

Incident Report further details that Plaintiff was able to run from the residence and call "911." *Id.* Plaintiff was then transported to an emergency room by emergency medical personnel. *Id.* at 3.

Following this incident, on or about November 30, 2011, Plaintiff met with Investigator Flynn Tanner ("Investigator Tanner") of the RCSD to make a statement. ECF No. 1-1 at 2. Plaintiff alleges that during this meeting, Investigator Tanner informed Plaintiff that he would not accept Plaintiff's statement unless Plaintiff took a polygraph examination. ECF No. 1 at 3. Based upon this request, Plaintiff contends that he was treated differently than victims who do not have a mental disability in violation of both the Fourteenth Amendment and the ADA. *Id.* at 4.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

As a threshold matter, the court recognizes that this is the third case filed by Plaintiff alleging that the RCSD violated his rights under the Constitution and the ADA by requiring him to take a polygraph examination in connection with his victim's statement. The first action, which was filed against the State of South Carolina, Richland County, the City of Columbia, the Federal Bureau of Investigation, and the RCSD, was summarily dismissed without prejudice due to a lack of subject

2

matter jurisdiction. *See Brown v. State of South Carolina*, C/A No. 3:12-221-MBS (D.S.C. Jan. 24, 2012) ("Civil Action Number 3:12-221"). The second action, which was filed against the RCSD, was resolved by an order granting the RCSD's motion for summary judgment. *See Brown v. Richland County Sheriff's Dep't*, C/A No. 3:12-3062-MBS (D.S.C. Oct. 23, 2012) ("Civil Action Number 3:12-3062").

**A.    Magistrate Judge's Report and Recommendation**

In her Report and Recommendation, the Magistrate Judge first acknowledged the two previous actions filed by Plaintiff. ECF No. 10 at 3. Based on these previous actions, the Magistrate Judge concluded that Plaintiff's claims in the instant action are barred by the doctrine of res judicata. *Id.* at 4-5. The Magistrate Judge specified that to establish res judicata, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *See id.* (citing *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 650 (4th Cir. 2005)). The Magistrate Judge noted that the court reached a final judgment on the merits in Civil Action Number 3:12-3062, thus satisfying the first element. ECF No. 10 at 4. Additionally, the Magistrate Judge recognized that the allegations contained in the instant complaint are nearly identical to, and stem from, the same set of facts that gave rise to Plaintiff's claim for relief in Civil Action Number 3:12-3062. *Id.* Finally, while the RCSD was the named Defendant in Plaintiff's second action and the State of South Carolina is the named Defendant in the instant action, the Magistrate Judge determined that these two parties are in privity, as a sheriff's department is considered a state agency in South Carolina. *Id.* As such, the Magistrate Judge determined that all three elements of res judicata have been met, subjecting Plaintiff's action to summary dismissal as frivolous. *Id.* at 5.

**B.     Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge's Report and Recommendation on two grounds. First, Plaintiff contends that the doctrine of res judicata cannot bar the instant action because Plaintiff's second action, Civil Action Number 3:12-3062, has not yet reached a final judgment due to the pending disposition of Plaintiff's appeal in the United States Court of Appeals for the Fourth Circuit.  ECF No. 12 at 2.  Second, Plaintiff contends that the RCSD is not in privity with the State of South Carolina because the State of South Carolina "makes the laws, and the [RCSD] enforces them."  *Id.*  Thus, Plaintiff contends that while the RCSD "is an agency of the state, they are not one in the same" for the purposes of res judicata.  *Id.*

**C.     Court's Analysis**

After careful review of the record and applicable legal authority, the court concurs with the Magistrate Judge's determination that all three res judicata  elements have been met.  First, a final judgment has been entered against Plaintiff  on the merits in Civil Action Number 3:12-3062.  *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) (recognizing that summary judgment dispositions constitute dispositions "on the merits" for the purposes of res judicata). Further, to the extent that Plaintiff objects on the grounds that this judgment is not considered to be final pending appeal, the court notes that the judgment was affirmed on appeal on January 23, 2014. *See Brown v. Richland Cnty. Sheriff's Dep't*, 552 F. App'x 265 (4th Cir. 2014).  As such, the first element of res judicata has been satisfied.

Second, the allegations contained in the instant complaint stem from the same set of facts that gave rise to Plaintiff's claims for relief in Civil Action Number 3:12-221 and Civil Action Number 3:12-3062.  More specifically, the allegations in all three actions stem from the RCDS's alleged

4

requirement that Plaintiff take a polygraph examination before accepting Plaintiff's victim statement. As such, the second element of res judicata has been satisfied.

Third, the RCSD is in privity with the State of South Carolina. "To be in privity with a party to a former litigation, the non-party must be so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Martin*, 407 F.3d at 651 ((internal quotations omitted). Under South Carolina law, it is well established that a sheriff's department is considered to be a state agency. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) ("Sheriff's Departments in South Carolina are state agencies."). Based on this identification, there is privity between South Carolina and the RCSD. *See Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988) ("In the claim preclusion context, governmental officials sued in their official capacities for actions taken in the course of their duties are considered in privity with the governmental body."). As such, the third element of res judicata has been satisfied.[1]

Based on the foregoing, the court finds that the doctrine of res judicata properly applies and subjects Plaintiff's complaint to summary dismissal in this instance.

---

[1] The court agrees with the Magistrate Judge's recognition that even if privity did not exist between the State of South Carolina and the RCSD, the doctrine of collateral estoppel would subject the case to summary dismissal. *See Martin*, 407 F.3d at 653 (recognizing that for collateral estoppel to foreclose the relitigation of an issue of fact or law, the following elements must be established: "(1) the issue sought to be precluded is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the determination of the issue was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment was final and valid; and (5) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum"). However, the court need not address these elements in full, as the court finds that summary dismissal is appropriate based on the doctrine of res judicata.

## IV. CONCLUSION

The court concurs in the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated in the Report and Recommendation and herein, Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 24, 2014